Yongyuan "Henry" Li (CA SBN #348954)
hli@yklaw.us
YK Law LLP
445 S Figueroa St, Ste 2280
Los Angeles, CA 90071
(213) 401-0970

Michael Han (CA SBN #338921)
mhan@yklaw.us
YK Law LLP
445 S Figueroa St, Ste 2280
Los Angeles, CA 90071
(213) 846-3357

*Attorneys for Plaintiff*
XIAMEN EASYSHIP GLOBAL LOGISTICS CO., LTD.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| XIAMEN EASYSHIP GLOBAL LOGISTICS CO., LTD., a Chinese company,<br><br>*Plaintiff*,<br><br>v.<br><br>STEELE LOGISTICS, INC., a California Corporation; MICHAEL FLASKERUD, an individual; and DOES 1-10, inclusive,<br><br>*Defendants*. | Case No.: 2:26-cv-01283<br><br>**DEMAND FOR JURY TRIAL**<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**1. Breach of Maritime Contract**<br>**2. Breach of Contract**<br>**3. Account Stated**<br>**4. Quantum Meruit** |

**COMES NOW**, Plaintiff Xiamen Easyship Global Logistics Co., Ltd. ("Plaintiff" or "EGL") against Defendants Steele Logistics, Inc. ("STEELE") and Michael Flaskerud ("Flaskerud") (collectively the "Defendants") and DOES 1-10 and alleges as follows:

## THE PARTIES

1. Plaintiff is a Chinese limited liability company with its principal place of business located at NO.1 LIANHUA NORTH ROAD, SUITE 1002C, PARAGON LIANHUA, SIMING DIST., XIAMEN, CHINA.

2. Upon information and belief, STEELE is a corporation formed under the laws of the State of California with its principal address located at 101 W. WALNUT AVENUE, SUITE 129, GARDENA, CA 90248.

3. Upon information and belief, Flaskerud is an individual residing in Gardena, California. At all relevant times, Flaskerud is the Chief Executive Officer and controlling shareholder of STEELE and exercises complete domination and control over the company's operations.

4. Plaintiff is ignorant as to the true names and capacities of the defendants sued herein as DOES 1-10 and, therefore, sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities if/when ascertained.

5. Plaintiff alleges that each of these fictitiously-named defendants is responsible, in some manner, for the acts or omissions alleged herein, and that Plaintiff's damages alleged herein were proximately caused by these acts and omissions.

6. Plaintiff alleges that at all material times officers, directors, agents, and employees who are named as defendants acted in such capacities in connection with the acts, practices, and schemes of the business, as set forth below.

7. In this Complaint, whenever any allegation is made against a corporate entity defendant, the allegation refers to acts or omissions of its managers, officers, directors, agents, or employees while engaged in the management, direction, or control of such corporate entity defendant(s), and while acting within the course and scope of their employment and authority.

## **JURISDICTION AND VENUE**

8. Jurisdiction is proper under 28 U.S.C. § 1332 because the parties are completely diverse in citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff EGL is a limited liability company organized and existing under the laws of the People's Republic of China, with its principal place of business in Xiamen, Fujian Province, China. STEELE is a corporation organized under the laws of the State of California, with its principal place of business in California, and is therefore a citizen of California for purposes of diversity jurisdiction. Flaskerud resides in Gardena, California, and is therefore a citizen of California for purposes of diversity jurisdiction. This Court also has admiralty and maritime jurisdiction under 28 U.S.C. §1333 because this action arises out of maritime contracts for the international transportation of goods by sea.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (b)(2). Defendants STEELE and Flaskerud reside in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District, including STEELE and Flaskerud's receipt and acceptance of logistics services, invoicing, business operations, and failure to remit payment for services rendered.

## GENERAL ALLEGATIONS

10. Plaintiff EGL is, and at all relevant times was, a limited liability company organized and existing under the laws of the People's Republic of China, with its principal place of business in Xiamen, Fujian Province, China. EGL is an international logistics services provider and non-vessel-operating common carrier ("NVOCC") engaged in ocean and multimodal freight transportation and related logistics services.

11. STEELE is, and at all relevant times was, a California corporation with its principal place of business in Gardena, California. STEELE is engaged in the business of arranging domestic

and international freight transportation and logistics services for its customers, including cargo imported into the United States.

12. Upon information and belief, Flaskerud is the sole shareholder of STEELE. In addition, Flaskerud makes all business and management decisions of STEELE. At all relevant times, Flaskerud dominates and controls STEELE's finances and business operations such that the corporation was a mere instrumentality of Flaskerud. In other words, Flaskerud is the alter ego of STEELE.

13. Upon information and belief, Flaskerud appropriated STEELE's fund for his personal use to capitalize the Victoria Flaskerud Living Trust. There exists a unity of interest and ownership such that the separate personalities of the corporation and the individual no longer exist. Therefore, recognizing the corporate form would sanction fraud or promote injustice.

14. At all relevant times, Defendants, and each of them, regularly conducted business with overseas logistics providers, including NVOCCs and freight forwarders, and procured international transportation services for cargo destined to the United States, from which Defendants derived substantial commercial benefit.

15. Beginning in or about August 2014, EGL and Defendants entered into an ongoing commercial relationship pursuant to which Defendants ordered international freight forwarding and logistics services from EGL for Defendants' customers. The parties formed enforceable agreements on a transaction-by-transaction basis through a consistent and established course of dealing.

16. Under this course of dealing, Defendants or their customers communicated shipment requirements to EGL, EGL provided pricing quotations by email, Defendants accepted such quotations and instructed EGL to proceed by email, and EGL performed the requested services, including booking ocean freight, issuing house bills of lading, arranging inland transportation, and handling shipping documentation and compliance.

17. The agreements between the parties constitute maritime contracts because they concern the international transportation of goods by sea.

18. EGL fully performed all logistics and transportation services requested by Defendants in a professional and commercially reasonable manner. Defendants accepted the benefits of EGL's services, including the successful movement of cargo into the United States for Defendants' customers.

19. Following EGL's performance, EGL issued debit notes to Defendants reflecting the agreed-upon charges for services rendered. Under the parties' course of dealing and industry custom, Defendants were obligated to pay such amounts.

20. Despite repeated demands, Defendants failed to pay EGL the amounts owed for services rendered by EGL. As of the filing of the complaint, Defendants' outstanding unpaid balance to EGL is not less than $1,973,857.81 (See Exhibit A), exclusive of interest, costs, and attorneys' fees.

21. EGL repeatedly requested payment of the overdue amounts, but Defendants failed and refused to cure its nonpayment and ultimately ceased responding to EGL's payment demands. As a result, EGL has suffered substantial financial damages.

22. Upon information and belief, Defendants' customers have paid Defendants the charges for services rendered indirectly by EGL.

## FIRST CAUSE OF ACTION
**[Breach of Maritime Contract]**

23. Plaintiff realleges and incorporates all previous paragraphs as though fully stated herein.

24. The agreements between EGL and Defendants constitute maritime contracts governed by federal maritime law, because the agreements concern the international transportation

of goods by sea and related logistics services, including the booking of ocean freight and issuance of house bills of lading.

25. Through the parties' long-standing course of dealing, communications, and mutual performance, EGL and Defendants entered into binding maritime contracts pursuant to which EGL agreed to provide international freight forwarding, ocean transportation, and related logistics services, and Defendants agreed to pay the agreed-upon charges for such services.

26. EGL fully performed all obligations required of it under the maritime contracts by arranging and providing the requested ocean freight transportation and logistics services.

27. Defendants accepted the benefits of EGL's services but failed and refused to pay the amounts due for such services.

28. Defendants' failure to pay for the services rendered constitutes a breach of maritime contracts under federal maritime law.

29. As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages in an amount not less than $1,973,857.81, exclusive of interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION
**[Breach of Contract]**

30. Plaintiff realleges and incorporates all previous paragraphs as though fully stated herein.

31. Through the parties' long-standing course of dealing, communications, and mutual performance, EGL and Defendants entered into contracts by EGL's sending of quotations of services by email and Defendants' acceptance and approvals of the quotations and instructions to proceed by email, pursuant to which EGL agreed to provide logistics and freight forwarding services, and Defendants agreed to pay the agreed-upon charges for such services.

32. EGL fully performed all obligations required of it under the contracts by providing the requested logistics and transportation services.

33. Defendants, and each of them, breached the contracts by failing to pay EGL for services rendered in accordance with the agreed pricing and within a reasonable time.

34. As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages in an amount of not less than $1,973,857.81, exclusive of interest, costs, and attorneys' fees.

**THIRD CAUSE OF ACTION**
**[Account Stated]**

35. Plaintiff realleges and incorporates all previous paragraphs as though fully stated herein.

36. An account was stated between Plaintiff and Defendants in that, after Plaintiff rendered logistics and freight forwarding services to Defendants, Plaintiff issued debit notes reflecting the amounts due for such services. An account was stated in writing and/or by conduct between Plaintiff and Defendants.

37. Defendants routinely received EGL's invoices at a designated billing email, retained such invoices without objection within a reasonable time, and made partial payments on the outstanding balance, thereby implying Defendants' assent to the correctness of the stated account.

38. A balance of not less than $1,973,857.81 became due and owing from Defendants to Plaintiff on the stated account.

39. Defendants have failed and refused to pay the balance due, despite Plaintiff's demands.

40. Plaintiff is entitled to recover the stated balance, together with interest and costs.

**FOURTH CAUSE OF ACTION**
**[Quantum Meruit]**

41. Plaintiff realleges and incorporates all previous paragraphs as though fully stated herein.

42. This cause of action is pled in the alternative to Plaintiff's claims for breach of contract and common counts, and only to the extent the Court finds that no enforceable contract governed the services at issue.

43. At Defendants' request and with Defendants' knowledge, Plaintiff provided valuable logistics and freight forwarding services for Defendants' benefit.

44. Defendants, and each of them, knowingly accepted and benefited from Plaintiff's services.

45. The reasonable value of the services rendered by Plaintiff is not less than $1,973,857.81.

46. Defendants have failed and refused to pay Plaintiff the reasonable value of the services rendered.

## FIFTH CAUSE OF ACTION
**[Conversion]**

47. Plaintiff realleges and incorporates all previous paragraphs as though fully stated herein.

48. Defendants collected payments from their customers for shipments arranged through Plaintiff, including amounts attributable to Plaintiff's services, which Defendants were obligated to remit to Plaintiff upon receipt but wrongfully retained.

49. Defendants wrongfully exercised dominion and control over funds attributable to Plaintiff's services.

50. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been damaged in an amount not less than $1,973,857.81, exclusive of interest, costs, and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. Entry of judgment in favor of Plaintiff against Defendants STEELE and Flaskerud, jointly and severally, on all claims for relief;

2. For damages in the amount of at least $1,973,857.81;

3. For prejudgment interest pursuant to California Civil Code § 3287(a) on all amounts owed, from the date such amounts became due until the date of judgment;

4. For post-judgment interest to the extent allowed by law;

5. For costs of suit to the extent allowed by law;

6. For reasonable attorneys' fees to the extent allowed by law; and

7. For such other and further relief as the Court may deem just and proper.

DATED: March 16, 2026

Respectfully submitted,

*/s/ Yongyuan Li*

Yongyuan "Henry" Li (CA SBN #348954)
hli@yklaw.us
YK Law LLP
445 S Figueroa St, Ste 2280
Los Angeles, CA 90071
(213) 401-0970

*/s/ Michael Han*

Michael Han (CA SBN #338921)
mhan@yklaw.us
YK Law LLP
445 S Figueroa St, Ste 2280
Los Angeles, CA 90071
(213) 846-3357

*Attorneys for Plaintiff*
XIAMEN EASYSHIP GLOBAL LOGISTICS CO., LTD.